UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>JOSEPH L. BRADSHAW,<br>Defendant | 5:17-cr-50158<br><br>MEMORANDUM OPINION<br>AND ORDER |

Pending before the Court is Defendant's Motion to Reduce Sentence pursuant to Amendment 821 to the Federal Sentencing Guidelines, (Doc. 247). The Government has responded, (Doc. 250), and the Federal Public Defender's Office has notified the Court of its intent not to supplement, (Doc. 6/20/2024). For the following reasons, the Court denies Defendant's motion.

**BACKGROUND**

Defendant was convicted of conspiracy to distribute a controlled substance. 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). The offenses occurred as part of an organized distribution of methamphetamine from California to South Dakota, and the District Court remarked "the amount of methamphetamine trafficked in the conspiracy Defendant joined was very high….". (Doc. 125-1, PgID 293). The court also noted, however, that "Defendant's personal history and characteristics—especially his lack of any criminal history—weigh in favor of a sentence at the low end of the guidelines." (Id.).

Defendant's base offense level was 38, with 2 points added for use of a dangerous weapon based on his being found with thirteen firearms. (Doc. 121). He received a three-point reduction for acceptance of responsibility for a total

offense level of 37. His criminal history category was I, based on zero criminal history points. The Guidelines sentencing range was 210-262 months and he was sentenced to 210 months. (Doc. 125). The Eighth Circuit dismissed Defendant's appeal. (Doc. 177, 186).

Defendant now requests a reduction in sentence pursuant to a recent amendment to the Federal Sentencing Guidelines which was made retroactive.

**LEGAL STANDARD**

Ordinarily, a court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582. The statute creates an exception for a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission...". Id. § 3582(c). In such a situation, the court engages in the two-step procedure set forth in *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). That procedure requires a determination whether the applicant qualifies for relief under § 3582(c), followed by ascertaining the pertinent guideline range. *Id.* See also *United States v. Estupinan*, 2023 WL 9022718, *2 (S.D. Fla. Dec. 31, 2023); *United States v. Diaz*, 2024 WL 167166, *2 (S.D. Fla. Jan. 16, 2024); *United States v. Reed*, 2024 WL 1521593, *1 (D.N.D. April 8, 2024); *United States v. Ybarra*, 2024 WL 2941554, *1 (D.S.D. June 11, 2024).

Amendment 821 to the Guidelines includes two provisions that can provide relief if applicable. First, § 4A1.1 addresses status points a defendant received because the offense was committed while under any "criminal justice sentence," including imprisonment, probation, or supervised release. The provision reduces status points from 2 to 1 for certain offenders and eliminates such points for others.

The second aspect of Amendment 821 appears at § 4C1.1, which addresses a possible reduction in offense level of certain offenders who have zero criminal history points. The provision reads as follows:

> § 4C1.1. Adjustment for Certain Zero-Point Offenders
>
> (a) Adjustment.--If the defendant meets all of the following criteria:
>
> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848;
>
> decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1.

## ANALYSIS

Because Defendant did not have status points, § 4A1.1 does not apply to him. His possible source of relief is § 4C1.1 which pertains to offenders who have zero criminal history points. Amendment 821 precludes relief based on this provision if the Defendant did not "possess, receive, purchase, transport, transfer, sell or otherwise dispose of a firearm...in connection with the offense." As noted above, Defendant's offense level was increased by two levels based on his having numerous firearms in his possession in connection with the offense. (Doc. 121).

3

Because Defendant does not meet the criteria set forth in Amendment 821 that would permit a reduction in sentence, his motion is denied.

Accordingly, IT IS ORDERED that Defendant's motion for reduction in sentence, (Doc. 247), is denied.

Dated this 16th day of July, 2024

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK